UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X
FERNANDO DEMARZINO,

                Plaintiff,

          -against-

H&M INTERNATIONAL TRANSPORTATION, INC.,
NORFOLK SOUTHERN CORPORATION, and
CONSOLIDATED RAIL CORPORATION,

                Defendants.
----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, FERNANDO DEMARZINO, for his Complaint against Defendants, H&M INTERNATIONAL TRANSPORTATION, INC., NORFOLK SOUTHERN CORPORATION, and CONSOLIDATED RAIL CORPORATION, states and alleges as follows:

## PARTIES

      1.     Plaintiff, Fernando Demarzino, is a resident of the State of New Jersey, residing at 24 Naden Avenue, City of Irvington, County of Essex, 07111.

      2.     Defendant H&M International Transportation, Inc. is a New Jersey corporation with headquarters located at 485B Route 1 South, Iselin, New Jersey 08830.

      3.     Defendant Norfolk Southern Corporation is a business, partnership and/or corporation authorized to and doing business in the State of New Jersey with a commercial address of 1000 Howard Boulevard, Suite 102, Mount Laurel, New Jersey 08054.

      4.     Defendant Consolidated Rail Corporation is a business, partnership and/or corporation authorized to and doing business in the State of New Jersey with a commercial address of 1717 Arch Street, Philadelphia, Pennsylvania 19103.

## JURISDICTION

5.     The Court has jurisdiction over this matter and Defendants pursuant to 45 U.S.C. § 51 *et seq.,* commonly referred to as the Federal Employers' Liability Act, and 28 U.S.C. § 1331.

6.     The Court can also exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim because it is derived from the same nucleus of operative facts as the federal law claim such that Plaintiff would ordinarily expect to try them in one proceeding.

7.     Venue is proper in this judicial district under 45 U.S.C. § 56 and 28 U.S.C. § 1391 because Defendants transact business, committed an illegal and/or tortious act, has an agent, and/or is found in this district, and because a substantial part of the events described herein occurred in this district.

8.     Venue is proper in this judicial district under 45 U.S.C. § 56 and 28 U.S.C. § 1391 because the plaintiff's accident occurred at a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

## COUNT ONE
## AGAINST DEFENDANT H&M INTERNATIONAL TRANSPORTATION, INC.

### FEDERAL EMPLOYER'S LIABILITY ACT, 45 U.S.C. §51 et seq.

9.     Plaintiff brings this action under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq* ("FELA"). This action is timely commenced within the meaning of 45 U.S.C. § 56.

10.    At all times herein mentioned, Defendant H&M INTERNATIONAL TRANSPORTATION, INC. was a common carrier engaged in interstate commerce and was operating an interstate system of railroads and rail terminals in and through the several states, including the State of New Jersey.

11.     Defendant H&M INTERNATIONAL TRANSPORTATION, INC. owned a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

12.     Defendant H&M INTERNATIONAL TRANSPORTATION, INC. operated a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

13.     Defendant H&M INTERNATIONAL TRANSPORTATION, INC. maintained a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

14.     Defendant H&M INTERNATIONAL TRANSPORTATION, INC. controlled a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

15.     Defendant H&M INTERNATIONAL TRANSPORTATION, INC. managed a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

16.     Plaintiff was employed to work at the H&M INTERNATIONAL TRANSPORTATION, INC. railroad terminal located in Jersey City, State of New Jersey and received direction from Defendant H&M INTERNATIONAL TRANSPORTATION, INC.

17.     Defendant H&M INTERNATIONAL TRANSPORTATION, INC. controlled, or had the right to control, Plaintiff in the performance of his job.

18.     On or about April 29, 2013, at the H&M INTERNATIONAL TRANSPORTATION, INC. railroad terminal located at 125 County Road, Jersey City, State of New Jersey, Plaintiff was engaged in the course and scope of his duties as a railroad switcher employed by Defendant H&M INTERNATIONAL TRANSPORTATION, INC.

19.     At the time of the incident described below, Plaintiff was an employee of Defendant H&M INTERNATIONAL TRANSPORTATION, INC. for purposes of FELA jurisdiction (45 U.S.C. § 51).

20.     On or about April 29, 2013, at approximately 4:30 P.M., Plaintiff was in the course of his employment at the H&M INTERNATIONAL TRANSPORTATION, INC. railroad terminal

when faulty or defective railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or faulty or defective switcher trucks, caused Plaintiff to fall from collapsing steps out of a switcher truck. Said incident resulted in Plaintiff sustaining severe and permanent personal injuries.

21.     At the time of the incident, Plaintiff was in the act of stepping out of a switcher truck for the purpose of unlocking railroad containers as required by, and pursuant to, H&M INTERNATIONAL TRANSPORTATION, INC. railroad terminal rules.

22.     It was Defendant's duty at that time and place to use ordinary care in furnishing Plaintiff with a safe place to work.

23.     In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing the following negligent acts or omissions:

> a.  not equipping, guarding, maintaining, controlling, conducting, and operating the job site so as to provide reasonable and adequate protection for the health and safety of Plaintiff and other employees situated in the railroad terminal;
> b.  failing to maintain the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks in proper and safe working order;
> c.  allowing improper and unsafe railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to exist;
> d.  allowing improper construction of the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks;
> e.  failing to provide adequate switcher trucks for moving boxcars;
> f.  allowing said railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to become defective;
> g.  failing to inspect the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks at said location;
> h.  improperly maintaining equipment and devices at the job site;
> i.  failing to provide Plaintiff with reasonable and adequate protection;
> j.  failing to properly inspect the equipment at the railroad terminal;
> k.  improperly supervising and operating the job site at said premises;
> l.  allowing the job site to become and remain in an unsafe, dangerous, and

hazardous condition;

m. failing to post warnings at the aforesaid location, which was in an unsafe, dangerous, and hazardous condition;

n. failing to reasonably anticipate that Plaintiff could sustain physical injuries by reason of the unsafe and dangerous condition that existed; and

o. other acts of negligence, all of which Defendant had due notice or, by reasonable inspection thereof, should have had due notice.

24. The Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused Plaintiff to suffer serious physical injuries to his right knee and back.

25. As a consequence, Plaintiff has incurred injuries that have caused and will continue to cause Plaintiff great bodily and mental pain and anguish; a loss of wages and permanent diminution of his earning capacity; and substantial medical, pharmaceutical, hospital, therapeutic, and related expenses.

26. The foregoing incident and the resulting injuries to Plaintiff were caused solely by reason of the carelessness, recklessness, and negligence on the part of Defendant H&M INTERNATIONAL TRANSPORTATION, INC., without any negligence on the part of Plaintiff contributing thereto.

27. By reason of the foregoing, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00).

## COUNT TWO
## AGAINST DEFENDANT H&M INTERNATIONAL TRANSPORTATION, INC.

## NEGLIGENCE

28. The allegations set forth in each of the preceding paragraphs are incorporated by reference as if fully set forth herein.

29. On or about April 29, 2013, at approximately 4:30 P.M., Plaintiff was in the course

of his employment at the H&M INTERNATIONAL TRANSPORTATION, INC. railroad terminal when faulty or defective railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or faulty or defective switcher trucks, caused Plaintiff to fall from collapsing steps out of a switcher truck. Said incident resulted in Plaintiff sustaining severe and permanent personal injuries.

30.     At the time of the incident, Plaintiff was in the act of stepping out of a switcher truck for the purpose of unlocking railroad containers as required by, and pursuant to, H&M INTERNATIONAL TRANSPORTATION, INC. railroad terminal rules.

31.     It was Defendant's duty at that time and place to use ordinary care in furnishing Plaintiff with a safe place to work.

32.     In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing the following negligent acts or omissions:

a. not equipping, guarding, maintaining, controlling, conducting, and operating the job site so as to provide reasonable and adequate protection for the health and safety of Plaintiff and other employees situated in the railroad terminal;
b. failing to maintain the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks in proper and safe working order;
c. allowing improper and unsafe railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to exist;
d. allowing improper construction of the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks;
e. failing to provide adequate switcher trucks for moving boxcars;
f. allowing said railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to become defective;
g. failing to inspect the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks at said location;
h. improperly maintaining equipment and devices at the job site;
i. failing to provide Plaintiff with reasonable and adequate protection;
j. failing to properly inspect the equipment at the railroad terminal;
k. improperly supervising and operating the job site at said premises;

l. allowing the job site to become and remain in an unsafe, dangerous, and hazardous condition;

m. failing to post warnings at the aforesaid location, which was in an unsafe, dangerous, and hazardous condition;

n. failing to reasonably anticipate that Plaintiff could sustain physical injuries by reason of the unsafe and dangerous condition that existed; and

o. other acts of negligence, all of which Defendant had due notice or, by reasonable inspection thereof, should have had due notice.

33. The Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused Plaintiff to suffer serious physical injuries to his right knee and back.

34. As a consequence, Plaintiff has incurred injuries that have caused and will continue to cause Plaintiff great bodily and mental pain and anguish; a loss of wages and permanent diminution of his earning capacity; and substantial medical, pharmaceutical, hospital, therapeutic, and related expenses.

35. The foregoing incident and the resulting injuries to Plaintiff were caused solely by reason of the carelessness, recklessness, and negligence on the part of Defendant H&M INTERNATIONAL TRANSPORTATION, INC., without any negligence on the part of Plaintiff contributing thereto.

36. By reason of the foregoing, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00).

WHEREFORE, Plaintiff demands judgment be entered against Defendant H&M INTERNATIONAL TRANSPORTATION, INC. as follows:

A. For Count One against Defendant, in the amount of one million dollars ($1,000,000) plus costs and disbursements;

B. For Count Two against Defendant, in the amount of one million dollars ($1,000,000) plus costs and disbursements; and

C.      For such other and further relief as the Court may deem just and proper.

## COUNT THREE
## AGAINST DEFENDANT NORFOLK SOUTHERN CORPORATION

### FEDERAL EMPLOYER'S LIABILITY ACT, 45 U.S.C. §51 et seq.

37.     Plaintiff brings this action under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq* ("FELA"). This action is timely commenced within the meaning of 45 U.S.C. § 56.

38.     At all times herein mentioned, Defendant NORFOLK SOUTHERN CORPORATION was a common carrier engaged in interstate commerce and was operating an interstate system of railroads and rail terminals in and through the several states, including the State of New Jersey.

39.     Defendant NORFOLK SOUTHERN CORPORATION owned a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

40.     Defendant NORFOLK SOUTHERN CORPORATION operated a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

41.     Defendant NORFOLK SOUTHERN CORPORATION maintained a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

42.     Defendant NORFOLK SOUTHERN CORPORATION controlled a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

43.     Defendant NORFOLK SOUTHERN CORPORATION managed a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

44.     Plaintiff was employed to work at the NORFOLK SOUTHERN CORPORATION railroad terminal located in Jersey City, State of New Jersey and received direction from Defendant NORFOLK SOUTHERN CORPORATION.

45.     Defendant NORFOLK SOUTHERN CORPORATION controlled, or had the right to control, Plaintiff in the performance of his job.

46.     On or about April 29, 2013, at the NORFOLK SOUTHERN CORPORATION railroad terminal located at 125 County Road, Jersey City, State of New Jersey, Plaintiff was engaged in the course and scope of his duties as a railroad switcher employed by Defendant NORFOLK SOUTHERN CORPORATION.

47.     At the time of the incident described below, Plaintiff was an employee of Defendant NORFOLK SOUTHERN CORPORATION for purposes of FELA jurisdiction (45 U.S.C. § 51).

48.     On or about April 29, 2013, at approximately 4:30 P.M., Plaintiff was in the course of his employment at the NORFOLK SOUTHERN CORPORATION railroad terminal when faulty or defective railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or faulty or defective switcher trucks, caused Plaintiff to fall from collapsing steps out of a switcher truck. Said incident resulted in Plaintiff sustaining severe and permanent personal injuries.

49.     At the time of the incident, Plaintiff was in the act of stepping out of a switcher truck for the purpose of unlocking railroad containers as required by, and pursuant to, NORFOLK SOUTHERN CORPORATION railroad terminal rules.

50.     It was Defendant's duty at that time and place to use ordinary care in furnishing Plaintiff with a safe place to work.

51.     In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing the following negligent acts or omissions:

    a.  not equipping, guarding, maintaining, controlling, conducting, and operating the job site so as to provide reasonable and adequate protection for the health and safety of Plaintiff and other employees situated in the railroad terminal;
    b.  failing to maintain the railroad cars, engines, appliances, machinery, track,

roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks in proper and safe working order;

c. allowing improper and unsafe railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to exist;

d. allowing improper construction of the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks;

e. failing to provide adequate switcher trucks for moving boxcars;

f. allowing said railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to become defective;

g. failing to inspect the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks at said location;

h. improperly maintaining equipment and devices at the job site;

i. failing to provide Plaintiff with reasonable and adequate protection;

j. failing to properly inspect the equipment at the railroad terminal;

k. improperly supervising and operating the job site at said premises;

l. allowing the job site to become and remain in an unsafe, dangerous, and hazardous condition;

m. failing to post warnings at the aforesaid location, which was in an unsafe, dangerous, and hazardous condition;

n. failing to reasonably anticipate that Plaintiff could sustain physical injuries by reason of the unsafe and dangerous condition that existed; and

o. other acts of negligence, all of which Defendant had due notice or, by reasonable inspection thereof, should have had due notice.

52.    The Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused Plaintiff to suffer serious physical injuries to his right knee and back.

53.    As a consequence, Plaintiff has incurred injuries that have caused and will continue to cause Plaintiff great bodily and mental pain and anguish; a loss of wages and permanent diminution of his earning capacity; and substantial medical, pharmaceutical, hospital, therapeutic, and related expenses.

54.    The foregoing incident and the resulting injuries to Plaintiff were caused solely by reason of the carelessness, recklessness, and negligence on the part of Defendant NORFOLK SOUTHERN CORPORATION, without any negligence on the part of Plaintiff contributing

thereto.

55.     By reason of the foregoing, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00).

## COUNT FOUR
## AGAINST DEFENDANT NORFOLK SOUTHERN CORPORATION

### NEGLIGENCE

56.     The allegations set forth in each of the preceding paragraphs are incorporated by reference as if fully set forth herein.

57.     On or about April 29, 2013, at approximately 4:30 P.M., Plaintiff was in the course of his employment at the NORFOLK SOUTHERN CORPORATION railroad terminal when faulty or defective railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or faulty or defective switcher trucks, caused Plaintiff to fall from collapsing steps out of a switcher truck. Said incident resulted in Plaintiff sustaining severe and permanent personal injuries.

58.     At the time of the incident, Plaintiff was in the act of stepping out of a switcher truck for the purpose of unlocking railroad containers as required by, and pursuant to, NORFOLK SOUTHERN CORPORATION railroad terminal rules.

59.     It was Defendant's duty at that time and place to use ordinary care in furnishing Plaintiff with a safe place to work.

60.     In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing the following negligent acts or omissions:

>           a.  not equipping, guarding, maintaining, controlling, conducting, and operating the job site so as to provide reasonable and adequate protection for the health and safety of Plaintiff and other employees situated in the railroad terminal;

b.  failing to maintain the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks in proper and safe working order;

c.  allowing improper and unsafe railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to exist;

d.  allowing improper construction of the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks;

e.  failing to provide adequate switcher trucks for moving boxcars;

f.  allowing said railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to become defective;

g.  failing to inspect the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks at said location;

h.  improperly maintaining equipment and devices at the job site;

i.  failing to provide Plaintiff with reasonable and adequate protection;

j.  failing to properly inspect the equipment at the railroad terminal;

k.  improperly supervising and operating the job site at said premises;

l.  allowing the job site to become and remain in an unsafe, dangerous, and hazardous condition;

m.  failing to post warnings at the aforesaid location, which was in an unsafe, dangerous, and hazardous condition;

n.  failing to reasonably anticipate that Plaintiff could sustain physical injuries by reason of the unsafe and dangerous condition that existed; and

o.  other acts of negligence, all of which Defendant had due notice or, by reasonable inspection thereof, should have had due notice.

61.   The Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused Plaintiff to suffer serious physical injuries to his right knee and back.

62.   As a consequence, Plaintiff has incurred injuries that have caused and will continue to cause Plaintiff great bodily and mental pain and anguish; a loss of wages and permanent diminution of his earning capacity; and substantial medical, pharmaceutical, hospital, therapeutic, and related expenses.

63.   The foregoing incident and the resulting injuries to Plaintiff were caused solely by reason of the carelessness, recklessness, and negligence on the part of Defendant NORFOLK

SOUTHERN CORPORATION, without any negligence on the part of Plaintiff contributing thereto.

64.    By reason of the foregoing, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00).

WHEREFORE, Plaintiff demands judgment be entered against Defendant NORFOLK SOUTHERN CORPORATION as follows:

> A.    For Count One against Defendant, in the amount of one million dollars ($1,000,000) plus costs and disbursements;
>
> B.    For Count Two against Defendant, in the amount of one million dollars ($1,000,000) plus costs and disbursements; and
>
> C.    For such other and further relief as the Court may deem just and proper.

## COUNT FIVE
## AGAINST DEFENDANT CONSOLIDATED RAIL CORPORATION

### FEDERAL EMPLOYER'S LIABILITY ACT, 45 U.S.C. §51 et seq.

65.    Plaintiff brings this action under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq* ("FELA"). This action is timely commenced within the meaning of 45 U.S.C. § 56.

66.    At all times herein mentioned, Defendant CONSOLIDATED RAIL CORPORATION was a common carrier engaged in interstate commerce and was operating an interstate system of railroads and rail terminals in and through the several states, including the State of New Jersey.

67.    Defendant CONSOLIDATED RAIL CORPORATION owned a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

68.     Defendant CONSOLIDATED RAIL CORPORATION operated a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

69.     Defendant CONSOLIDATED RAIL CORPORATION maintained a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

70.     Defendant CONSOLIDATED RAIL CORPORATION controlled a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

71.     Defendant CONSOLIDATED RAIL CORPORATION managed a railroad terminal located at 125 County Road, Jersey City, State of New Jersey.

72.     Plaintiff was employed to work at the CONSOLIDATED RAIL CORPORATION railroad terminal located in Jersey City, State of New Jersey and received direction from Defendant CONSOLIDATED RAIL CORPORATION.

73.     Defendant CONSOLIDATED RAIL CORPORATION controlled, or had the right to control, Plaintiff in the performance of his job.

74.     On or about April 29, 2013, at the CONSOLIDATED RAIL CORPORATION railroad terminal located at 125 County Road, Jersey City, State of New Jersey, Plaintiff was engaged in the course and scope of his duties as a railroad laborer employed by Defendant CONSOLIDATED RAIL CORPORATION.

75.     At the time of the incident described below, Plaintiff was an employee of Defendant CONSOLIDATED RAIL CORPORATION for purposes of FELA jurisdiction (45 U.S.C. § 51).

76.     On or about April 29, 2013, at approximately 4:30 P.M., Plaintiff was in the course of his employment at the CONSOLIDATED RAIL CORPORATION railroad terminal when faulty or defective railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or faulty or defective switcher trucks, caused Plaintiff to fall

from collapsing steps out of a switcher truck. Said incident resulted in Plaintiff sustaining severe

and permanent personal injuries.

77.    At the time of the incident, Plaintiff was in the act of stepping out of a switcher truck

for the purpose of unlocking railroad containers as required by, and pursuant to, CONSOLIDATED

RAIL CORPORATION railroad terminal rules.

78.    It was Defendant's duty at that time and place to use ordinary care in furnishing

Plaintiff with a safe place to work.

79.    In violation of its duty, Defendant negligently and carelessly failed to provide

Plaintiff with a safe place to work by committing the following negligent acts or omissions:

a.  not equipping, guarding, maintaining, controlling, conducting, and operating the job site so as to provide reasonable and adequate protection for the health and safety of Plaintiff and other employees situated in the railroad terminal;

b.  failing to maintain the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks in proper and safe working order;

c.  allowing improper and unsafe railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to exist;

d.  allowing improper construction of the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks;

e.  failing to provide adequate switcher trucks for moving boxcars;

f.  allowing said railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to become defective;

g.  failing to inspect the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks at said location;

h.  improperly maintaining equipment and devices at the job site;

i.  failing to provide Plaintiff with reasonable and adequate protection;

j.  failing to properly inspect the equipment at the railroad terminal;

k.  improperly supervising and operating the job site at said premises;

l.  allowing the job site to become and remain in an unsafe, dangerous, and hazardous condition;

m.  failing to post warnings at the aforesaid location, which was in an unsafe, dangerous, and hazardous condition;

n.  failing to reasonably anticipate that Plaintiff could sustain physical injuries

by reason of the unsafe and dangerous condition that existed; and

o.  other acts of negligence, all of which Defendant had due notice or, by reasonable inspection thereof, should have had due notice.

80.     The Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused Plaintiff to suffer serious physical injuries to his right knee and back.

81.     As a consequence, Plaintiff has incurred injuries that have caused and will continue to cause Plaintiff great bodily and mental pain and anguish; a loss of wages and permanent diminution of his earning capacity; and substantial medical, pharmaceutical, hospital, therapeutic, and related expenses.

82.     The foregoing incident and the resulting injuries to Plaintiff were caused solely by reason of the carelessness, recklessness, and negligence on the part of Defendant CONSOLIDATED RAIL CORPORATION, without any negligence on the part of Plaintiff contributing thereto.

83.     By reason of the foregoing, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00).

**COUNT SIX**
**AGAINST DEFENDANT CONSOLIDATED RAIL CORPORATION**

**NEGLIGENCE**

84.     The allegations set forth in each of the preceding paragraphs are incorporated by reference as if fully set forth herein.

85.     On or about April 29, 2013, at approximately 4:30 P.M., Plaintiff was in the course of his employment at the CONSOLIDATED RAIL CORPORATION railroad terminal when faulty or defective railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or faulty or defective switcher trucks, caused Plaintiff to fall

from collapsing steps out of a switcher truck. Said incident resulted in Plaintiff sustaining severe and permanent personal injuries.

86.     At the time of the incident, Plaintiff was in the act of stepping out of a switcher truck for the purpose of unlocking railroad containers as required by, and pursuant to, CONSOLIDATED RAIL CORPORATION railroad terminal rules.

87.     It was Defendant's duty at that time and place to use ordinary care in furnishing Plaintiff with a safe place to work.

88.     In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing the following negligent acts or omissions:

     a.  not equipping, guarding, maintaining, controlling, conducting, and operating the job site so as to provide reasonable and adequate protection for the health and safety of Plaintiff and other employees situated in the railroad terminal;

     b.  failing to maintain the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks in proper and safe working order;

     c.  allowing improper and unsafe railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to exist;

     d.  allowing improper construction of the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks;

     e.  failing to provide adequate switcher trucks for moving boxcars;

     f.  allowing said railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks to become defective;

     g.  failing to inspect the railroad cars, engines, appliances, machinery, track, roadbed, works, catwalks, containers, boxcars, steps, stairs, and/or switcher trucks at said location;

     h.  improperly maintaining equipment and devices at the job site;

     i.  failing to provide Plaintiff with reasonable and adequate protection;

     j.  failing to properly inspect the equipment at the railroad terminal;

     k.  improperly supervising and operating the job site at said premises;

     l.  allowing the job site to become and remain in an unsafe, dangerous, and hazardous condition;

     m.  failing to post warnings at the aforesaid location, which was in an unsafe, dangerous, and hazardous condition;

     n.  failing to reasonably anticipate that Plaintiff could sustain physical injuries

by reason of the unsafe and dangerous condition that existed; and

o.  other acts of negligence, all of which Defendant had due notice or, by reasonable inspection thereof, should have had due notice.

89.     The Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused Plaintiff to suffer serious physical injuries to his right knee and back.

90.     As a consequence, Plaintiff has incurred injuries that have caused and will continue to cause Plaintiff great bodily and mental pain and anguish; a loss of wages and permanent diminution of his earning capacity; and substantial medical, pharmaceutical, hospital, therapeutic, and related expenses.

91.     The foregoing incident and the resulting injuries to Plaintiff were caused solely by reason of the carelessness, recklessness, and negligence on the part of Defendant CONSOLIDATED RAIL CORPORATION, without any negligence on the part of Plaintiff contributing thereto.

92.     By reason of the foregoing, Plaintiff has been damaged in the sum of one million dollars ($1,000,000.00).

WHEREFORE, Plaintiff demands judgment be entered against Defendant CONSOLIDATED RAIL CORPORATION as follows:

A.     For Count One against Defendant, in the amount of one million dollars ($1,000,000) plus costs and disbursements;

B.     For Count Two against Defendant, in the amount of one million dollars ($1,000,000) plus costs and disbursements; and

C.     For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.


Dated: April 1, 2015


                              Respectfully submitted,


                                 *s/ Eliot S. Bickoff*
                              _____
                              ELIOT S. BICKOFF (9273)
                              LAW OFFICES OF MICHAEL J. ASTA
                              744 Broad Street, 16th Fl.
                              Newark, New Jersey 07102
                              (973) 735-0549
                              Attorneys for Plaintiff Fernando Demarzino